**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| |
|---|
| JANE DOE, |
| Plaintiff, |
| v. |
| CORRECTIONAL OFFICER JOHN LEDBETTER, et al., |
| Defendants. |

Civil Action No. 15-6647 (GC) (RLS)

**MEMORANDUM OPINION
AND ORDER**

SINGH, United States Magistrate Judge.

This matter comes before the Court upon the Motion of Plaintiff Jane Doe ("Plaintiff"), seeking Leave to File a Second Amended Complaint (the "Motion to Amend"). (Dkt. No. 82, 86). Defendants Mercer County, Charles Ellis, Phyllis Oliver, and Elliot Robinson (the "Mercer Defendants") oppose the Motion,[1] (Dkt. No. 87), to which Plaintiff replied, (Dkt. No. 88). The Court has fully reviewed the submissions of the parties and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiff's Motion to Amend is GRANTED.

**I.     RELEVANT BACKGROUND**

By way of background, this action arises out Plaintiff's allegations that she was sexually assaulted while incarcerated as a pretrial detainee at the Mercer County Correctional Center ("MCCC"). (*See generally* Dkt. No. 5). Plaintiff filed her Complaint on or about September 3, 2015, (Dkt. No. 1), which she subsequently amended on September 11, 2015, (Dkt. No. 5). The Court previously set an August 15, 2016 deadline for the parties to amend their pleadings, which

---

[1] Defendant *pro se* John Ledbetter ("Ledbetter") did not file any response to the Motion to Amend.

was not extended through any of the Court's subsequent scheduling orders.[2]   (Dkt. No. 20). Although the Court previously stayed discovery in this matter for several years due to criminal proceedings in state court, discovery is currently ongoing, with fact discovery to be completed by May 30, 2024.  (*See* Dkt. Nos. 34, 85).

On August 25, 2023, Plaintiff filed the instant Motion to Amend.[3]  (Dkt. No. 82).  Through the Motion to Amend, Plaintiff seeks to add six additional claims purportedly based on the same underlying facts, including: a New Jersey Law Against Discrimination claim against Defendant Mercer County; a New Jersey Law Against Discrimination Retaliation claim against Defendant Mercer County; a New Jersey Civil Rights Act claim against Defendants Ellis, Oliver, and any John Doe Administrator Defendants; a battery claim against Defendant Ledbetter; a negligence claim against Defendants Mercer County, Ellis, Oliver, and any John Doe Administrator Defendants; and a punitive damages claim against Defendants Ledbetter, Mercer County, and any John Doe Administrator Defendants.  (*See* Dkt. No. 82 at pp. 105-19).  On September 8, 2023, the Mercer Defendants filed their Opposition to the Motion to Amend, contending that Plaintiff's Motion should be denied as futile primarily because the applicable statute of limitations bars the proposed new claims.  (Dkt. No. 87).  On September 14, 2023, Plaintiff filed her reply on the Motion to Amend, contending that the claims are not futile based on the application of the relation back doctrine.  (Dkt. No. 20).

## II.   LEGAL STANDARD

Here, Plaintiff seeks leave to file a second amended complaint well after the deadline for

---

[2]  During a telephone status conference with the parties, the undersigned set a deadline of August 25, 2023 for the filing of the instant Motion to Amend.  (*See* Dkt. Nos. 81, 85).  The setting of that deadline did not serve to amend the Court's prior scheduling orders for purposes of Rule 16 of the Federal Rules of Civil Procedure.  *See, e.g.*, *Wang v. New Jersey State Police*, Civ. No. 18-11933, 2021 WL 794535, at *3 (D.N.J. Mar. 1, 2021).

[3]  Plaintiff filed corrected exhibits on September 7, 2023.  (Dkt. No. 86).

such applications.  If a party seeks to amend its pleading after the deadline set in the Court's scheduling order, the movant must satisfy the good cause standard pursuant to Rule 16 of the Federal Rules of Civil Procedure before the Court considers whether the movant meets the standards for amendment pursuant to Rule 15 of the Federal Rules of Civil Procedure.  *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *see also Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) ("[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) . . . applies."); *Wang*, 2021 WL 794535, at *3.

To establish good cause, the movant must show due diligence.  *Race Tires Am., Inc.*, 614 F.3d at 84.  Due diligence can be met if the "delay in filing the motion to amend stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order."  *Young v. United States*, 152 F. Supp. 3d 337, 353 (D.N.J. 2015) (citation and internal quotation marks omitted).  If a party "possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary" to seek leave to amend before the deadline lapsed, then courts will find that party lacked the necessary due diligence and will deny leave to amend.  *Fermin v. Toyota Material Handling, U.S.A., Inc.*, Civ. No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012).  Indeed, Rule 16's good cause standard seeks to fix the pleadings at some point in the proceedings.  *See United States ex rel. McDermott v. Life Source Servs., LLC*, Civ. No. 19-cv-15360, 2023 WL 2238550, at *2 (D.N.J. Feb. 27, 2023) (citing, *inter alia*, Fed. R. Civ. P. 16(b), Advisory Committee's Note on 1983 amendment).

Only once good cause is met does the Court evaluate the proposed pleading under Rule 15 of the Federal Rules of Civil Procedure.  *Harbor Laundry Sales, Inc. v. Mayflower Textile Serv. Co.*, Civ. No. 09-6259, 2011 WL 6303258, at *3 (D.N.J. Dec. 16, 2011) (internal citation omitted); *accord Wang*, 2021 WL 794535, at *2.  Pursuant to Rule 15(a)(2), a party may amend its pleading

3

upon the opposing party's written consent or with leave of Court.  Fed. R. Civ. P. 15(a)(2).  Courts will freely grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  Nevertheless, the Court may, in its discretion, deny a Motion to Amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civ. No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017).

Notable here, an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face."  *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).  To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  "[I]f a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency."  *Id.*

On a motion brought pursuant to Rule 12(b)(6), courts must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party."  *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  Factual allegations, however, must be sufficient "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (discussing standard under *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court.  *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

## III.   DISCUSSION

Here, as a threshold matter, neither Plaintiff nor the Mercer Defendants discuss whether good cause has been established under Rule 16 to permit leave to amend.  Nonetheless, the Court finds good cause sufficient for Rule 16.  Plaintiff recently obtained new counsel, (Dkt. No. 78), who promptly filed the instant motion just over one month after appearing in this matter.  Moreover, the Court has repeatedly extended the deadlines to complete discovery.  The Court thus finds that Plaintiff filed the instant Motion with sufficient due diligence.  *See Young*, 152 F. Supp. 3d at 353.

Turning then to an analysis of whether leave to amend should be granted under Rule 15, the Court recognizes that the Mercer Defendants challenge the proposed amendments on the basis of futility only.  (*See* Dkt. No. 18).  Based on the nature of the futility analysis, the Mercer Defendants' arguments on the Motion to Amend overlap significantly with arguments that may be made in support of a motion to dismiss.  In such an instance, "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss."  *Colombo v. Bd. of Educ. for the Clifton Sch. Distr.*, Civ. No. 11-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) (citing *in re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *8 (D.N.J. June 30, 2015)).  Exercising its discretion, the Court will not consider the futility arguments in connection with the instant Motion to Amend.  *See id.*

Accordingly, the Court GRANTS Plaintiff's Motion to Amend for good cause shown under Rule 15 of the Federal Rules of Civil Procedure.  Defendants may assert their arguments as to futility in an appropriate motion as to Plaintiff's Second Amended Complaint.

## IV.   CONCLUSION

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS**, **THEREFORE**, on this **13th** day of **November 2023**, hereby

**ORDERED** that Plaintiff's Motion to Amend (Dkt. No. 82) is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file her Second Amended Complaint within seven (7) days of the entry of this Order; and it is further

**ORDERED** that Defendants shall file a response to the Second Amended Complaint within fourteen (14) days of the filing of the Second Amended Complaint; and it is further

**ORDERED** that the Clerk of the Court shall terminate the motion at Docket Entry Number 82; and it is further

**ORDERED** that the Clerk of Court shall MAIL a copy of this Memorandum Opinion and Order to Defendant *pro se* John Ledbetter.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**

6